UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABEL ENRIQUE CRUZ CARCAMO, | Civil Action No. 22-3762 (SDW-CLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| VERA AND VERSAWSKY REPRESENTATION et al, | |
| Defendants. | |

**IT APPEARING THAT:**

1. Plaintiff Abel Enrique Cruz Carcamo ("Plaintiff") alleges in his pro se civil rights complaint that he is an immigration detainee presently confined in the Hudson County Jail and previously confined in Essex County Jail. (ECF No. 1). He raises constitutional claims concerning his immigration arrest, detention, and removal proceedings and seeks conditional release and money damages. (*Id.*) By Order dated June 17, 2022, this Court granted Plaintiff's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

2. Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to § 1915(e)(2)(B), this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5. The defendants to the complaint are (1) "Vera and Versawky[1] (U.S. Immigration Representative Asociated)", whom Plaintiff alleges are prosecutors; (2) "The Port of Entrie Champlain, New York, Agents Douaniers and Border Protectors"; (3) "the State of New York and the immigration system"; and (4) "the Immigration U.S. Court System of New Jersey." (ECF No. 1 at 2-3). Plaintiff alleges that on December 28, 1999, he was traveling from Canada into the United States with a valid American Visa. (*Id.* at 3-4). Agent Doaunier "illegally removed" Plaintiff to Canada after confusing his name with Abdel-Ha, a suspected terrorist. (*Id.* at 4). Plaintiff further alleges that he has a claim that arose in March 2020, but it isn't clear what happened on that date. (*Id.* at 5). Plaintiff is now in immigration detention pending removal proceedings. Plaintiff brings claims against prosecutors Vera and Versawsky because they oppose his conditional release from immigration detention. (*Id.* at 5). This Court cannot determine what Plaintiff is alleging where he states, "[t]he United States prived me from the services and U.S. Marshals are not doing their job in time: they were late in 2020-2022." (*Id.* at 4). In the section of the civil rights complaint where Plaintiff is asked to describe how each defendant acted under color of federal law for a *Bivens* complaint, Plaintiff stated:

> They are rascist [sic], brutals, not professionals, incompetents, misconducted: they private me from watter [sic], food and they not let me go to the toilets. They block my entrie [sic] in the

---

[1] In the caption of the complaint, Plaintiff named the defendant "Vera and Versawsky Representation," but in the body of the complaint he named the defendant "Vera and Versawky, U.S. Immigration Representant Asociated." The Court will refer to Defendant as "Vera and Versawsky". This Court, however, takes judicial notice, under Federal Rule of Evidence 201(b), that in *U.S. v. Cruz-Carcamo*, Criminal Action No. 21-218 (SDW) (D.N.J.), Assistant United States Attorney Vera Varshavsky represented the United States of America in charges against Plaintiff of illegal reentry in violation of 8 U.S.C. § 1326(a). On July 15, 2022, the Government dismissed the Indictment without prejudice. *U.S. v. Cruz-Carcamo*, Crim. Action No. 21-218-SDW (D.N.J.) (ECF No. 28). Even if this Court construed the complaint as alleging a malicious prosecution claim against Vera Varshavsky for prosecuting the illegal reentry charge, prosecutors are immune from civil rights claims for "initiating a prosecution and in presenting the [Government's] case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

>country of the U.S. and they accusing me for illegal entrie [sic] in the country of the U.S.

(ECF No. 1 at 4). Concerning his exhaustion of administrative remedies, Plaintiff alleges that: (1) he was confined in Hudson County at the time of the events giving rise to his claims; (2) the grievance procedure does not cover all of his claims; (3) he filed his grievance in Essex County; (4) the claim he grieved was "service in French; (lawyer services) etc."; and (5) he appealed the grievance by sending the documents to ICE and "6 months latter [sic] I passed in front of a judge in English service." (ECF No. 1 at 6-7). In response to the question "[i]f you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any," Plaintiff wrote "the social worker (by the tablet). She was racist to me." (*Id.* at 8). For additional information concerning his grievances, Plaintiff wrote: "I send a message to ombudsmen social worker. The corrections officers intimidated me try to figth [sic]. No orientations services, no clothes, shoes, etc." (*Id.*) In his request for relief, Plaintiff seeks 4.9 billion dollars and conditional release. (*Id.* at 5).

      6. Insofar as Plaintiff seeks conditional release by challenging the lawfulness of his immigration detention, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.")

---

[2] Although an alien is precluded under 8 U.S.C. § 1226(e) from challenging the Attorney's General's discretionary decision regarding immigration detention or release, he is not precluded from challenging the statutory framework that permits his detention without bail. *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 516-17 (2003)).

7. Plaintiff seeks money damages for constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).* This Court construes Plaintiff as alleging false arrest in violation of the Fourth Amendment against Agent Douaniers and unnamed border patrol agents (alleged as "Border Protectors"); malicious prosecution under the Fourteenth Amendment against Vera and Versawsky, alleged ICE prosecutors who oppose Plaintiff's conditional release; and Fourteenth Amendment conditions of confinement claims for depriving Plaintiff of food, water and toilet facilities and other unknown services.

8. "Sections 1252(g) and 1252(a)(2)(A) of the REAL ID Act bar judicial review of all of … *Bivens* … claims for damages 'arising out of the decision to commence removal proceedings'" *Adegbuji v. Fifteen Immigr. & Customs Enf't Agents*, 169 F. App'x 733, 735 (3d Cir. 2006). Thus, to the extent Plaintiff is suing Vera and Versawsky for prosecuting his removal proceedings, those claims are not cognizable. Further, prosecutors have absolute prosecutorial immunity under 42 U.S.C. § 1983 and *Bivens*[3] for advocacy in connection with a bail application. *Sheffer v. Ctr. Cnty.*, 818 F. App'x 160, 162 (3d Cir. 2020) (citing *Root v. Liston*, 444 F.3d 127, 131 (2d Cir. 2006)). Therefore, this Court will dismiss Plaintiff's Fourteenth Amendment malicious prosecution claims against Vera and Versawsky for failure to state a claim and for prosecutorial immunity. The claims will be dismissed without prejudice. Plaintiff has leave to file an amended complaint if this Court has misconstrued his claims.

---

[3] "[A] *Bivens* action is "the federal equivalent of the § 1983 cause of action against state actors." *Ferguson v. United States*, 178 F. Supp. 3d 282, 289 (E.D. Pa. 2016) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)).

9. Assuming without finding that a *Bivens* claim is the proper vehicle to challenge Plaintiff's conditions of confinement in immigration detention, the State of New York has sovereign immunity under the Eleventh Amendment,[4] and the U.S. Immigration Court System is not a "person" subject to liability under *Bivens*.[5] Even if the Court construes Plaintiff's *Bivens* claims as brought against the United States rather than the Immigration Court System as alleged, the United States also has sovereign immunity against *Bivens* claims for damages, absent explicit waiver that is not present here. *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008). Therefore, this Court will dismiss the *Bivens* claims against the State of New York and the U.S. Immigration Court System with prejudice.

10. For his false arrest claims against Agent Douaniers and the unidentified Border Protectors (presumably agents who were involved in Plaintiff's immigration arrest), assuming without finding that these claims are timely, the Supreme Court recently held that courts are not competent to authorize a damages action against border patrol agents generally. *See Egbert v. Boule*, 142 S. Ct. 1793, 1806 (quoting *Hernández v. Mesa*, 140 S. Ct., at 746–747 (2020) (refusing to extend *Bivens* into the "field" of "border security"). Therefore, this Court will dismiss Plaintiff's Fourth Amendment false arrest and false imprisonment claims against Agent Douaniers and the unnamed Border Protectors.

11. Plaintiff appears to be alleging that his conditions of confinement violate his right to substantive due process because he was deprived of water, food, toilet facilities and other services.

---

[4] "It is well-established that New York has not consented to § 1983 suits in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir.1977), and that § 1983 was not intended to override a state's sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 340–42 … (1979)." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010).

[5] Because the purpose of *Bivens* is to deter an individual officer and not to alter an entity's policy, a *Bivens* claim is brought against the individual officer for his or her own acts. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017).

Plaintiff, however, has not alleged when these deprivations occurred, how long the deprivations lasted, or who denied him these basic necessities. As discussed above, the States, the United States of America, and the Immigration Court System are not proper defendants to a *Bivens* claim for money damages. Therefore, this Court will dismiss the Fourteenth Amendment due process claims without prejudice for failure to state a claim against a proper defendant.

      12. In conclusion, this Court will dismiss Plaintiff's *Bivens* Complaint. However, because Plaintiff's complaint was difficult to understand and this Court was required to make assumptions about Plaintiff's allegations, dismissal is without prejudice, with the exception of the claims dismissed based on sovereign immunity, and Plaintiff may file an amended complaint if this Court misconstrued any of Plaintiff's allegations in dismissing his claims against Vera and Versawsky, Agent Douaniers, and the Border Protectors.

An appropriate order follows.

Date: September 13, 2022

                                           Hon. Susan D. Wigenton,
                                           United States District Judge